*Ira Julien, for appellee.*

------

## A. W. Darling *v.* Trustee of Carrollton.

**Judicial Sales—Purchaser at Judicial Sale—Notice.**

In buying platted property at a decretal sale, the purchaser must look to the town plat to determine what he is buying.

**Vendor and Purchaser—Purchase of Lot Does Not Include Street.**

Where two lots were sold and purchased simply by reference to their number, the sale and purchase did not include platted streets, although the whole land was enclosed for thirty years or more, since the conveyance evidences the character of their claim.

### APPEAL FROM CARROLL CIRCUIT COURT.

December 9, 1873.

OPINION BY JUDGE PRYOR:

The plan or plat of the town of Port William, now Carrollton, made in the year 1796, defines the boundaries of the many lots laid off, and the streets and alleys on which they bordered. All the streets and alleys were not only laid off and dedicated to public use, but an actual conveyance made to trustees for that purpose. One of the streets known as Third Street, or a part thereof, being 66 feet in width for in-lots, and 33 feet between out-lots, has been in the possession of the appellant, Darling, and his vendors and those claiming under them, for thirty or forty years; and that portion of the street of which they were so possessed has never been used or controlled by the trustees for the public use, but on the contrary, has been all the time in the actual possession of Darling and his vendors, and for thirty years past under an enclosure. The town authorities, however, as well as the citizens, or many of them have been continuously asserting the right of the town to the possession of this street, for the purpose for which it was dedicated.

The only question presented by the record is whether the possession and claim of Darling, and those under whom he holds, has been adverse to that by the town, for if so, such a possession, with an actual enclosure for fifteen years, would bar the right of recovery. Wm. Root, it seems, owned and was in the actual possession of these lots in the year 1859, and for many years prior thereto; but although he was in the possession and had the legal title thereto, still he had no title of record to the street in controversy, upon which they bordered; and if the parties in possession, claiming to hold under Root, have now any legal right, it must originate from an adverse holding on their part, as well as that of their vendors, Root and Donaldson. In January, 1859, Root made an assignment of his property, including those lots to Donaldson and Rodenback, for the payment of his debts, and in the conveyance for that purpose expressly designates the lots he owned by the numbers appearing in the plat of the town, and nowhere attempts to convey or pass the title to the street or streets upon which they bounded.

The purchaser, in buying this property at decretal sale, or from the assignees, must look at the town plat in order to see what he has

bought; and when this examination is made, he finds the lots are numbered and the streets and alleys clearly defined. The purchaser had the right, not only to assert his claim to the easement in a proper proceeding as against his vendees, in order to make him, if he bought a lot, to have ingress and egress to and from it, but there was a plain and distinct admission, on the part of Root, of the right, not only of the purchaser, but of the town authorities, to the use and control of this street for the public use. If he claimed this street, why was it he failed to include it in the conveyance to his assignees? The only reason to be assigned is that he was holding it by the permission of the town authorities, to be opened when they deemed it necessary for the public interests. In the month of September, 1859, the assignees of Root conveyed these lots, or many of them, to Wm. Donaldson, in the same manner or with the identical boundary contained in the deed from Root to the assignees, again recognizing the holding by them of the streets, if not by the express, by the silent acquiescence of the town authorities, a holding not adverse but merely permissive. In February, 1866, Donaldson conveyed these lots, bordering on the street in controversy, to Darling, passing no other right or title than that from Root to his assignees, and by them to Donaldson, the vendor of Darling.

Now if these various owners of the town lots described, claimed to hold adversely to the town, why was it that in the many conveyances from 1859 down, they have never asserted any title to the streets or attempted to pass the title to the purchaser? Darling sold to Rodenback and others, and in his deed sells the lots by their numbers as appears on the plat of the town, thus leaving the street undisposed of, and for no other reason than that the holding was only subject to the right of the town trustees to open them for the public use when they saw proper. Root, in his deed, passed no title to his assignees to this street, nor did he attempt to pass any, nor did his vendees even attempt to pass any; but on the contrary, the purchaser from Darling disclaims any title to the street under these several purchases. Donaldson and Darling entered on these lots as purchasers, deriving title from the same source. The boundary bought by them is clearly defined, and their adverse holding must be confined to what they bought when they took possession. If the title of these streets is not in the town, it is still in Root. The title, however, is in the trustee. They have never been divested

of it. Although it has been actually enclosed for thirty years or more, and there is some proof showing a claim by Root to the whole of it, also the same proof of claim on the part of Donaldson and Darling, still their action, in placing the evidence of the extent of their claims upon record in the sale of these lots, gives to the chancellor unmistakable evidence as to the character of their claim, title and possession. The chancellor ought not to be asked to indulge in the unreasonable conclusion that these alleged owners would sell these lots, and retain the street to which they now claim they had acquired a perfect title. The judgment is affirmed.

*Winston, for appellant.*

*Fisher & Orr, for appellee.*